**CONDITIONALLY GRANT and Opinion Filed December 5, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00722-CV

### IN RE THE OFFICE OF THE ATTORNEY GENERAL, Relator

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-21096**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

Relator, the Office of the Attorney General (OAG), seeks mandamus relief from the trial court's order directing the OAG to provide Father's attorney with Mother's last known address. The OAG argues that the trial court abused its discretion because the Texas Family Code prohibits that disclosure and there is no adequate appellate remedy. The OAG further argues that the trial court lacked subject matter jurisdiction because the order constitutes an unlawful mandatory injunction against a constitutionally designated executive officer.

We conclude the trial court abused its discretion because the Family Code prohibits releasing confidential information about a custodial parent under the circumstances present here and the OAG is entitled to mandamus relief. We further conclude that the trial court's order was not an injunction prohibited by the Government Code. As a result, we conditionally grant the writ.

# I. BACKGROUND

The underlying case involves a suit affecting the parent-child relationship. In 2010, Mother and Father were appointed joint managing conservators and Mother was awarded the exclusive right to determine the child's residence.

But in 2011, Mother moved to modify the order and alleged that Father committed "aggressive behavior" and "assault with a deadly weapon" against her brother. Among other things, Mother asked to be appointed sole managing conservator and that the court "not . . . disclose the social security number and driver's license numbers, current address, and telephone numbers in the Final Order because providing that information [was] likely to cause the child or conservator harassment, abuse, serious harm, or injury." Father did not appear at the hearing on Mother's motion.

The trial court subsequently appointed Mother the child's sole managing conservator and suspended Father's access "based on the history of family violence." As to Mother's request to not disclose certain information, the trial court's order stated that the information was contained in a prior court order.

On April 30, 2019, Father moved to modify the foregoing order and asked that he be appointed sole managing conservator because Mother was deceased. The associate judge held a temporary orders hearing, abated Father's child support, and ordered the OAG to provide Mother's last known address to Father's attorney.

The OAG appealed the associate judge's ruling to the district court, which conducted a hearing. At the hearing, Father's attorney told the court that Mother was deceased, and Father wanted custody of the child. The attorney said that Father's last contact with the child was in the summer of 2019, which contact he had by agreement with Mother. After he learned of her death, Father went to the address where he had last seen the child, but there was no one there. Father did

not know the child's location or the name of the person caring for the child and asked the trial court to order the OAG to provide that information to him.

After hearing arguments, the trial court orally ordered the OAG to provide Mother's last known address to Father's attorney within a week.

The OAG then filed this original proceeding and requested a temporary stay of the order to release confidential information. By order dated June 25, 2019, we granted the stay pending resolution of this matter and asked Father to file a response. To date, Father has not done so.

## II. ANALYSIS

### A. Standard of Review

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992 (orig. proceeding). To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840.

### B. First Issue: Did the trial court abuse its discretion by ordering the OAG to disclose statutorily designated confidential information to Father?

The OAG argues that as a Title IV-D agency, it is prohibited from releasing Mother's confidential information and the trial court's order requiring it to do so violates the relevant statute.[1] We agree.

Family Code § 231.108(a) provides that certain information is confidential:

(a) Except as provided by Subsection (c), all files and records of services provided by the Title IV–D agency under this chapter, including information concerning a

---

[1] The Texas Legislature designated the OAG as the Texas Title IV-D agency responsible for administering the child-support enforcement plan required under the Social Security Act. *See* TEX. FAM. CODE §§ 231.001; 42 U.S.C. § 654. The Family Code defines a "Title IV–D case" as any case in which the OAG provides Title IV–D services "relating to the location of an absent parent, determination of parentage, or establishment, modification, or enforcement of a child support . . . obligation." *Id.* § 101.034.

custodial parent, noncustodial parent, child, and an alleged or presumed father, are confidential.

TEX. FAM. CODE § 231.108(a).

Subsection (c) provides that the agency "may" release the privileged or confidential information "for purposes directly connected with the administration of the child support, paternity determination, parent locator, or aid to families with dependent children programs" and "may release information from the files and records to a consumer reporting agency in accordance with Section 231.114." *Id*. § 231.108(c).

But § 231.108(e) prohibits a Title IV–D agency from releasing information about a person's physical location if (i) a protective order has been entered regarding that person or (ii) there is reason to believe that releasing the information may result in physical or emotional harm to the person. *Id*. § 231.108(e).

At the district court hearing, the OAG argued that the statute prohibits requiring it to disclose Mother's confidential information and that Father's counsel and the trial court can obtain the information though the parent locator service established for this exact purpose. Specifically, the family code provides that "[a]s authorized by federal law," among other persons or entities, "a court, or an agent of the court, having jurisdiction to render or enforce an order for possession of or access to a child" may receive information from the parent locator service. FAM. CODE § 231.301(b); *see In re Office of Attorney Gen. of Tex.*, No. 05-18-00086-CV, 2018 WL 1725069 at *3 (Tex. App.—Dallas Apr. 10, 2018, orig. proceeding [mand. denied]) (mem. op.) (ordering AG to produce the confidential information in camera not a "release" of information prohibited under § 231.108(c)).

Mother's (former) address and phone number are confidential under § 231.108(a). *See* FAM. CODE § 231.108(a); *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 295 (Tex. 2011) ("information obtained during [the] provision of services under Chapter 231 is

confidential"). Indeed, neither the confidential nature of the information nor the statute's application were disputed at the hearing.

It is undisputed that Father's access to the child was indefinitely suspended "based on a history of family violence." But Father argued that the prior family violence finding is without consequence because Mother is deceased. The OAG responded that the family violence finding was not expressly limited to Mother and could also encompass the child. We agree.

The district court's May 13 order found that Father had a "history of family violence" and it was not in the child's best interest to allow Father access to the child. Section 231.108(e) prohibits disclosure if there is reason to believe that releasing the information may result in physical or emotional harm, which in this case, could include the child. *See* FAM. CODE § 231.108(e). Thus, the trial court's order requiring the OAG to provide the confidential information to Father violates the statute.

Father's remaining argument in the court below was based solely on expediency:

So under the theory presented by the attorney general, the Court can find out through the federal locator and then you -- I guess you can tell me? I don't know how that works. And if that would work that you could tell me after the federal form is complete, why do that? Just ask the attorney general to have you give me the information now. I don't understand.

Expediency, however, does not justify disregarding the statute.

The trial court gave no rationale for ordering the OAG to disclose confidential information directly to Father and we find no support for the ruling in the statute or the record. We therefore hold that the trial court abused its discretion by ordering the OAG to disclose that which it is not authorized to disclose.

We must also determine whether there is adequate appellate remedy. *In re Prudential*, 148 S.W.3d at 135–36. If the OAG had to wait until a final judgment to appeal, the privileged

information would have already been disclosed and this court would be unable to cure the error. *See Walker*, 827 S.W.2d at 843. Accordingly, appeal in this case is inadequate.

**C.**     **Second Issue: Did the trial court have subject matter jurisdiction to decide whether to order the OAG to disclose Mother's confidential information?**

The OAG argues the trial court lacked jurisdiction because the order constituted a mandatory injunction against an officer of the executive department prohibited by Government Code § 22.022(c).

The Government Code provides:

> Only the supreme court has the authority to issue a writ of mandamus or injunction . . . against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

TEX. GOV'T CODE § 22.022(c). The constitution identifies seven such executive officers. *See* TEX. CONST. art. IV, § 1. These officers are the governor, the lieutenant governor, the secretary of state, the comptroller of public accounts, the treasurer, the commissioner of the general land office, and the attorney general. *Id.* Thus, district courts generally lack jurisdiction to issue a mandamus or injunction against executive officer respondents. *See A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672 (Tex. 1995) (orig. proceeding).

At least one court, however, has recognized that a district court has inherent power to issue some mandatory orders to the OAG when the OAG is a party to litigation. *See In re Office of the Attorney Gen. of Tex.*, No. 14–08–00665–CV, 2008 WL 3833785, at *3–4 (Tex. App.—Houston [14th Dist.] August 19, 2008, orig. proceeding) (mem. op.).

We reject the OAG's premise that this order was a prohibited injunction as overly broad and unduly restrictive of a trial court's inherent authority to issue ancillary orders necessary to administer cases before it. Taken to its extreme, the OAG's argument would preclude trial courts from entering docket control, discovery, or other orders that do not grant substantive relief based

on asserted causes of action supporting traditional equitable remedies such as injunctions. We do not read § 22.022(c) to require absurd results like these. *See Silguero v. CSL Plasma, Inc*., 579 S.W.3d 53, 59 (Tex. 2019) (statutory terms given ordinary meaning unless the text provides otherwise or the common meaning leads to an absurd result).

The disputed order here would be ancillary to the trial court's ultimate decision regarding child custody. As such, we do not construe it as within § 22.022(c)'s proscription.

Accordingly, although the trial court had jurisdiction to entertain Father's request that the OAG be required to provide him with the child's location, the trial court abused its discretion granting that relief. We therefore reject the argument that the trial court lacked jurisdiction to issue the order and resolve the OAG's second issue against it.

## III. CONCLUSION

The OAG has shown its entitlement to mandamus relief. Accordingly, we vacate our June 25, 2019 stay, conditionally grant relator's petition for writ of mandamus, and direct the trial court to issue an order vacating its oral ruling requiring the OAG to provide Mother's last known address to Father's attorney. A writ will issue if the trial court does not comply within thirty days of the date of this opinion.

/Bill Whitehill/
_____
BILL WHITEHILL
JUSTICE

190722F.P05